UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                            No. CIV 19-191 MV/KK

SHANNON SZUSZALSKI, as personal representative
for the ESTATE OF LINDA BARAGIOLA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment [Doc. 16]. The Court, having considered the motion and relevant law, finds that the motion is not well-taken and will be denied.

### BACKGROUND

On September 28, 2017, Linda Baragiola went to check on her neighbor's home after an alarm had gone off. Doc. 1 ¶ 6. Sandoval County Sheriff's Deputies also responded to the alarm. *Id.* ¶ 7. As Sandoval County Deputy Rudy Fields was leaving the area, he backed over Ms. Baragiola, who suffered fatal injuries as a result. *Id.* ¶¶ 8-9.

Ms. Baragiola owned an automobile insurance policy with Plaintiff State Farm Mutual Automobile Insurance Company (the "Policy"), which provided uninsured and underinsured motorist coverage with limits of $250,000 per person and $500,000 per accident. Doc. 16 at 3. In relevant part, the Policy limited recovery for bodily injury resulting from an accident with an "underinsured" motorist to $250,000 less all payments made by any person or organization held legally liable for causing the bodily injury. *Id.*

1

On August 22, 2018, Defendant Shannon Szuszalski, as personal representative for the Estate of Ms. Baragiola, sent Plaintiff a demand letter seeking to collect under the underinsured motorist provision of the Policy. Doc. 16-1. Plaintiff responded on December 20, 2018, stating its position that the Estate could not recover under the Policy, as the Estate would be able to collect $400,000, the maximum allowed under the New Mexico Tort Claims Act[1], from the Sandoval County Sheriff's Office as a result of the accident, thus reducing to less than zero the amount recoverable under the underinsured motorist provision of the Policy (which limited recovery to $250,000 less any amount paid by the individual or organization responsible for the accident). Doc. 1-6. Defendant replied on February 1, 2019, indicating that it disagreed that any evidence existed that it would be able to collect $400,000 – or any amount – from Fields or the Sandoval County Sheriff's Office, and that in the absence of any such set-off, it was entitled to recovery under the underinsured motorist provision of the Policy. Doc. 1-7.

Based on this disagreement, on March 7, 2019, Plaintiff commenced this action, seeking a declaratory judgment that Plaintiff "has no current obligation to provide uninsured [or] underinsured motorist coverage to Linda Baragiola, deceased, in any amount." Doc. 1 at 5. Thereafter, on October 7, 2019, Plaintiff filed the instant motion for summary judgment, arguing that the undisputed facts demonstrate that it is entitled as a matter of law to a declaratory judgment in its favor. Doc. 16. Defendant opposes the motion. Doc. 18.

---

[1] The New Mexico Tort Claims Act provides that, "in any action for damages against a governmental entity or a public employee while acting within the scope of the employee's duties as provided in the Tort Claims Act, the liability shall not exceed . . . the sum of four hundred thousand dollars ($400,000) to any person for any number of claims arising out of a single occurrence for all damages other than real property damage and medical and medically related expenses as permitted under the Tort Claims Act." N.M. Stat. Ann. § 41-4-19(A)(3) (1978).

**STANDARD**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of establishing that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant meets this burden, the non-movant must come forward with specific facts, supported by admissible evidence, that demonstrate the existence of a genuine dispute. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1526 n. 11 (10th Cir. 1992). The court "construe[s] the factual record and the reasonable inferences therefrom in the light most favorable to the nonmoving party." *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005).

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff failed to comply with Local Rule 7.1(a), which requires that a movant "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). Defendant argues, and Plaintiff does not dispute, that Plaintiff's counsel "did not make any effort to seek Defendant's position" before filing this motion. Doc. 18 at 2. Plaintiff is not excused from this requirement simply because it "presumes" that the motion will be opposed based on the nature of the motion. Doc. 19 at 1. Plaintiff's counsel is admonished to comply with Rule 7.1(a) in all future filings in this Court. Failure to comply with this rule in connection with any future motion will result in summary denial of that motion.

As to the merits of the instant motion, Plaintiff argues that, as a matter of law, it has no obligation to Defendant under the underinsured motorist provision of the Policy, which, as described above, limits recovery for bodily injury resulting from an accident with an

underinsured motorist to $250,000 less all payments made by any person or organization held legally liable for causing the bodily injury. Plaintiff's argument rests entirely on a document produced by Defendant in discovery entitled "New Mexico Association of Counties Multi-Line and Law Enforcement Pools, Member Coverage Agreement January 1, 2017" ("MCA"), only a portion of which Plaintiff submits in support of its motion. Doc. 16-8. The MCA notes that its purpose "is to describe the property, liability and law enforcement coverages provided to its **Named Members** through the **Pools**." *Id.* (emphasis in original). The MCA further states that [i]t is the intent of the Pools to provide the property, liability and law enforcement coverages outlined in this Coverage Agreement to each **Named Member** and those who work for them or on their behalf in accordance with the laws of the State of New Mexico." *Id.* (emphasis in original). Under the heading, "The Following Coverages are Provided on a Claims Made Basis," the MCA lists "Automobile Liability," which appears to include "Third-party liability including bodily injury, property damage." *Id.* Below this, the MCA lists under the heading "Coverage Parts," "State Tort Claims Act Limits," noting that the limit is $400,000 for "bodily injury, personal injury per person/occurrence." *Id.*

Nowhere does the submitted portion of the MCA indicate that Deputy Fields (the driver of the vehicle that caused Ms. Baragiola's bodily injury) or Sandoval County (Deputy Fields' employer) are "Named Members" or otherwise covered by its provisions. Nor has Plaintiff provided any further evidence to interpret the submitted provisions of MCA or explain their applicability, if any, to the instant case. Nonetheless, Plaintiff contends that the MCA somehow constitutes undisputed evidence that Defendant has available to it $400,000 in coverage for the underlying accident, and thus that the $250,000 available under the Policy is, as a matter of law, completely offset. Doc. 16 ¶¶ 8-9, 7-8. There is no evidentiary or legal basis for the Court to

agree with these contentions.

The Policy makes clear that its $250,000 benefit for bodily injury resulting from an accident with an underinsured motorist will be reduced "by the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for that bodily injury."  Doc. 16-3.  The Court would be hard-pressed to conclude from the submitted portion of the MCA that this document resolves the issue of whether "any person or organization who is or may be held legally liable" for Ms. Baragiola's fatal bodily injury has made, or even intends to make, payments for damages resulting from the accident at issue here or what the sum of any such payments might be.  The submitted portion of the MCA, without more, falls far short of establishing that the funds available under the Policy have been offset by *any* payments, let alone by payments that would reduce Plaintiff's obligation to nothing.

Defendant appears to concede that, if payments for damages resulting from Ms. Baragiola's bodily injury were in fact made by or on behalf of Deputy Fields and/or Sandoval County, and if those payments were in the amount of $250,000 or higher, then evidence of such payments would be sufficient to establish, as a matter of law, that Plaintiff has no obligation to Defendant under the Policy.  Doc. 18 at 6.  Such evidence, however, is not presently before the Court.  In the absence of such evidence, Plaintiff is not entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has not established, as a matter of law, that it is entitled to a declaratory judgment that Plaintiff has no obligation to Defendant under the Policy.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. 16] is **DENIED.**

DATED this 28th day of September 2020.

_____
MARTHA VAZQUEZ
United States District Judge